JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
MICHAEL D. WEINER (CA Bar No. 240155)
(Email: mweiner@gslaw.org)
RYAN SPILLERS (CA Bar No. 240335)
(Email: rspillers@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

Attorneys for Plaintiffs Juan Gutierrez, John Christiansen, Robert Coleman, Martin Anderson, Jr., Fred Warren, Jr., Steven Howard, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO, CLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GUTIERREZ, JOHN CHRISTIANSEN, ROBERT COLEMAN, MARTIN ANDERSON, JR., FRED WARREN, JR., and STEVEN HOWARD, individually and on behalf of all similarly situated current and former employees, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED-INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC<br><br>Plaintiffs,<br><br>v.<br><br>EVANS DEDICATED SYSTEMS, INC., THOMAS FORREST, WILLIAM H. CULBERTSON, STEPHEN R. MELEEN, ROBERT FORREST, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.   8:17-CV-1459<br><br><u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1.   Failure to Pay Wages for All Time Worked (Cal. Lab. Code §§ 204, 1194, 558.1, Cal. IWC Wage Orders MW-2017, 9-2001)<br>2.   Failure to Timely Pay Wages Upon Termination (Cal. Lab. Code §§ 201, 203)<br>3.   Failure to Furnish Wage Statements (Cal. Lab. Code § 226, Cal. IWC Order 9-2001)<br>4.   Breach of Contract for Failing to Pay Dental Insurance Premiums (29 U.S.C. § 185)<br>5.   Misuse or Misappropriation of Assets of Employee Benefit Plan (18 U.S.C. § 664, 29 U.S.C. § 1001 et seq.) |

6.      Breach of Fiduciary Duties in Violation of ERISA (29 U.S.C. §§ 1109, 1132(g)(1))

7.      Wrongful Diversion of Assets of Employee Benefit Plan (29 U.S.C. § 1103(c)(1), 1109)

8.      Conversion of Amounts Deducted for Union Dues and/or Fees

9.      Breach of Contract for Failing to Remit Union Fees and/or Dues (29 U.S.C. § 185)

10.    Failure to Notify of Rights to Continued Health Coverage (29 U.S.C. §§ 1161, 1166, 1132(c)(1))

11.    Violation of California WARN Act (Cal. Labor Code § 1400 et seq.)

12.    Unfair Business Practice and Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.)

DEMAND FOR JURY TRIAL

# **INTRODUCTION**

1.     Juan Gutierrez, John Christiansen, Robert Coleman, Martin Anderson, Jr., Fred Warren, Jr., and Steven Howard (collectively, "Named Plaintiffs"), all formerly employed as drivers for Evans Dedicated Systems, Inc. ("Evans Dedicated"), and their collective bargaining representative, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO, CLC ("USW"), bring this action against Evans Dedicated and its principals, Thomas Forrest, William H. Culbertson, Stephen R. Meleen, Robert Forrest (collectively, "Individual Defendants"), as well as other as of yet unnamed Defendants, alleging various violations of California and federal law in connection with Evans Dedicated's abrupt closure of its trucking terminals in Long Beach, California, Gardena, California, Colton, California, and San Diego, California (collectively, "California Terminals").

2.     Evans Dedicated closed the California Terminals without warning on or about Friday, June 23, 2017, and terminated all of its drivers at those terminals.

3.     Defendants, excluding Culbertson, failed to pay the drivers for their last three weeks of work: from approximately Saturday, June 3, 2017, through Friday, June 23, 2017.

4.     Defendants also failed to remit to USW the union dues and/or fees that Evans Dedicated deducted from the drivers' pay in April 2017, May 2017, and June 2017.

5.     Defendants also failed to pay the premiums of Evans Dedicated's drivers' dental insurance plan despite deducting dental insurance premium amounts from the drivers' paychecks, and wrongfully directed the dental insurance company to terminate the drivers' dental insurance coverage retroactively, effective approximately March 31, 2017. Evans Dedicated's drivers were not provided any notice of their rights to continued health and dental insurance coverage.

6.     Named Plaintiffs seek class-wide relief under California law for Defendants' breach of their legal obligations: to pay Named Plaintiffs and their fellow Evans

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

Dedicated drivers for all hours worked; to timely pay Named Plaintiffs and their fellow Evans Dedicated drivers all earned and unpaid wages, including accrued but unused vacation pay, at the time of their discharges; to furnish Named Plaintiffs and their fellow Evans Dedicated drivers timely and accurate wage statements; to pay dental insurance premiums as required by contract; to use the dental insurance premiums that Defendants deducted from the pay of Named Plaintiffs and their fellow Evans Dedicated drivers to pay for their dental insurance coverage; to remit the union dues and/or fees that Defendants deducted from the pay of Named Plaintiffs and their fellow Evans Dedicated drivers to their collective bargaining representative, USW; to notify Named Plaintiffs and their co-workers of their rights to continued health care coverage following their loss of insurance benefits; and to provide advance notice of Evans Dedicated's closure of the California Terminals.

7.     Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendants' unlawful, unfair, and fraudulent business practices which have deprived their employees of their rights under California labor laws and regulations, in order to reduce their payroll costs and increase profits, in violation of applicable laws.

8.     Plaintiff USW seeks payment of the union dues and/or fees that Evans Dedicated was required to deduct from drivers' paychecks and remit to USW by contract.

## JURISDICTION

9.     Jurisdiction is based on the jurisdiction of the District Courts to hear suits for violations of contracts between an employer and a labor organization, without regard to the amount in controversy or the citizenship of the parties, as provided in Section 301(a) of the Labor Management Relations Act, 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

10.     Jurisdiction in this Court is also based on the exclusive jurisdiction of the District Courts to hear civil actions brought by a participant or beneficiary pursuant to Sections 502(a)(1) and (3) of the Employee Retirement Income Security Act of 1974, as

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

amended ("ERISA"), 29 U.S.C. §§ 1132(a)(1) and (3), to redress violations or enforce the terms of ERISA or a plan governed by Section 502(e) of ERISA, 29 U.S.C. § 1132(e). Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

11.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over those claims arising under the laws of the State of California because they arise out of the same case or controversy as the federal law claims.

12.    Venue is proper based on the location of work performed by at least two Plaintiffs in Los Angeles County, the location of Evans Dedicated's Los Angeles Terminal, the location of work performed by at least one Plaintiff in San Bernardino County, the location of Evans Dedicated's Colton Terminal, the performance of various contracts by Evans Dedicated in Los Angeles and San Bernardino Counties, the location of Evans Dedicated's corporate headquarters in Los Angeles County, as well as the location of the commission of the acts alleged herein in Los Angeles and San Bernardino Counties. The relief requested is within the jurisdiction of this Court.

## THE PARTIES

13.    Juan Gutierrez, John Christiansen, Robert Coleman, Martin Anderson, Jr., Fred Warren, Jr., and Steven Howard (collectively, "Named Plaintiffs") are and/or have been employed by Defendant Evans Dedicated within the State of California and are "employees" as defined in California Industrial Welfare Commission Wage Order 9-2001. Named Plaintiffs currently are and/or were employed as drivers at Evans Dedicated's California Terminals.

14.    Named Plaintiff Juan Gutierrez is, and at all relevant times was, a competent adult residing in Bellflower, California.

15.    Named Plaintiff John Christiansen is, and at all relevant times was, a competent adult residing in San Diego, California.

16.    Named Plaintiff Robert Coleman is, and at all relevant times was, a competent adult residing in Rialto, California.

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

17.   Named Plaintiff Martin Anderson, Jr. is, and at all relevant times was, a competent adult residing in Bellflower, California.

18.   Named Plaintiff Fred Warren, Jr. is, and at all relevant times was, a competent adult residing in San Jacinto, California.

19.   Named Plaintiff Steven Howard is, and at all relevant times was, a competent adult residing in Rialto, California.

20.   Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former employees of Defendant Evans Dedicated Systems, Inc. who worked as drivers at the Evans Dedicated Systems, Inc. terminals in Long Beach, Gardena, Colton, or San Diego, California, between April 1, 2017, and June 23, 2017.

21.   Plaintiff USW is, and at all times mentioned in this complaint was, an unincorporated association maintaining a principal place of business in California at 927 South Village Oaks Drive, Suite 100, Covina, California 91724. At all times relevant, USW was and is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and Section 501(3) of the LMRA, 29 U.S.C. § 142(3), and represents employees in industries affecting commerce. At all times relevant, USW was and is a labor organization representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

22.   USW has served as the exclusive bargaining representative, within the meaning of Section 9(a) of the NLRA, 29 U.S.C. § 159(a), of the drivers at Evans Dedicated's California Terminals (the "bargaining unit") for many years.

23.   USW and Defendant Evans Dedicated have been parties to successive collective bargaining agreements providing for the wages, hours, and other terms and conditions of employment of Evans Dedicated's bargaining unit employees.  The most recent collective bargaining agreement between USW and Evans Dedicated is effective from January 15, 2016, until October 31, 2017 (the "2015-2017 CBA").  The 2015-2017

4

CBA is attached hereto as Exhibit A.

24.     Defendant Evans Dedicated Systems, Inc. is a California corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Evans Dedicated Systems, Inc. is an "employer" as that term is used in the California Labor Code and California Industrial Welfare Commission ("IWC") Wage Order 9-2001. Evans Dedicated Systems, Inc.'s headquarters is in Commerce, California.

25.     Evans Dedicated is a transportation business that conveys petroleum products from oil refineries to gas stations.  Evans Dedicated owns and/or operates four trucking terminals, tank trucks and other transportation equipment, and an office facility. Evans Dedicated owns and/or operates trucking terminals in Long Beach and Gardena, California, known, collectively, as the Los Angeles Terminal. Evans Dedicated owns and/or operates a trucking terminal in Colton, California, known as the Colton Terminal. Evans Dedicated owns and/or operates a trucking terminal in San Diego, California, known as the San Diego Terminal. Evans Dedicated owns and/or operates an office building in Commerce, California, known as its Headquarters.

26.     Defendant Thomas Forrest is and/or has been an owner, the chief executive officer, the secretary, the chief financial officer, and a director of Defendant Evans Dedicated Systems, Inc., as reflected in Evans Dedicated's Statements of Information filed with the California Secretary of State on May 30, 2017, and June 3, 2015, which are attached hereto as Exhibits B and C, respectively.

27.     Defendant William H. Culbertson is and/or has been an owner, the chief executive officer, the secretary, and a director of Defendant Evans Dedicated Systems, Inc., as reflected in Evans Dedicated's Statement of Information filed with the California Secretary of State on June 3, 2015, attached hereto as Exhibit C.

28.     Defendant Stephen R. Meleen is and/or has been a director of Defendant Evans Dedicated Systems, Inc., as reflected in Evans Dedicated's Statements of Information filed with the California Secretary of State on May 30, 2017, and June 3,

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

2015, which are attached hereto as, respectively, Exhibits B and C.

29.    Defendant Robert Forrest is and/or has been a director of Defendant Evans Dedicated Systems, Inc., as reflected in Evans Dedicated's Statement of Information filed with the California Secretary of State on May 30, 2017, attached hereto as Exhibit B.

30.    Defendants Thomas Forrest, William H. Culbertson, Stephen R. Meleen, and Robert Forrest (collectively, the "Individual Defendants"), and each of them, are and/or have been an "employer or other person acting on behalf of an employer" as defined in Section 558.1 of the California Labor Code.

31.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

32.    Plaintiffs are informed and believe and thereupon allege that Defendants and each of them, directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs.

## **FACTUAL ALLEGATIONS**

33.    Evans Dedicated has employed Plaintiffs and putative class members as drivers at its California Terminals.

34.    Pursuant to the terms of the 2015-2017 CBA between USW and Evans Dedicated, Evans Dedicated provided Named Plaintiffs and putative class members with health and dental insurance benefits.

35.    Evans Dedicated regularly deducted employees' share of the premium payment for both the health and dental insurance plans from the paychecks of the Named Plaintiffs and putative class members.

36.    Pursuant to Article VIII of the 2015-2017 CBA between USW and Evans Dedicated, employees of Evans Dedicated, including the Named Plaintiffs and putative class members, accrued vacation pay based on their length of continuous service with Evans Dedicated.

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

37.    Pursuant to Article I, Sections A and B of the 2015-2017 CBA between USW and Evans Dedicated, it was a condition of employment for the Named Plaintiffs and putative class members to pay regular fees and/or dues to USW.

38.    Pursuant to Article II of the 2015-2017 CBA between USW and Evans Dedicated, Evans Dedicated was required to deduct from the paychecks of Named Plaintiffs and putative class members the regular union dues and/or fees that employees owed to USW, and remit those amounts to USW on a monthly basis.

39.    The wage rates for the drivers at Evans Dedicated's California Terminal were set by the 2015-2017 CBA between USW and Evans Dedicated.

40.    Evans Dedicated was required to pay the wages of the drivers at its California Terminals every two weeks.

41.    On or about June 23, 2017, Evans Dedicated abruptly closed its California Terminals and Headquarters and terminated all of its drivers at the California Terminals.

42.    Defendants provided no advance notice to USW, Named Plaintiffs, or any of the putative class members of the June 23, 2017 closure of Evans Dedicated's California Terminals and Headquarters.

43.    Defendants provided no notice at any time to Named Plaintiffs or any of the putative class members concerning the continuation of their health and dental insurance benefits after those benefits were terminated.

44.    Friday, June 23, 2017, was a scheduled payday for Evans Dedicated's employees. The Named Plaintiffs and putative class members were supposed to be paid that day for the payroll period from on or about Saturday, June 3, 2017, through on or about Friday, June 16, 2017.

45.    Defendants did not pay on June 23, 2017, and still have not paid, any of the Named Plaintiffs or putative class members the paychecks they were supposed to receive on or about Friday, June 23, 2017, which were to compensate the drivers for their work performed between on or about Saturday, June 3, 2017, and on or about Friday, June 16, 2017.

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

46.    Defendants have not paid any of the Named Plaintiffs or putative class members for their work performed between on or about Saturday, June 17, 2017, and on or about Friday, June 23, 2017.

47.    Defendants have not paid any of the Named Plaintiffs or putative class members for their accrued but unused vacation pay as of June 23, 2017.

48.    Named Plaintiffs and putative class members received their last paychecks from Evans Dedicated on or about Friday, June 9, 2017, which compensated them for work performed between on or about Saturday, May 20, 2017, and on or about Friday, June 2, 2017.

49.    Defendants continued to deduct amounts for employees' share of their health and dental insurance premiums, as well as the union dues and/or fees that employees owed to USW, from the paychecks of the Named Plaintiffs and putative class members until and including the last paycheck that Named Plaintiffs and putative class members received from Evans Dedicated on or about Friday, June 9, 2017.

50.    Defendants failed to remit premium payments to the insurance company providing dental insurance to Evans Dedicated's employees, including Named Plaintiffs and putative class members, and directed the insurance company to retroactively terminate employees' dental insurance coverage, including the insurance coverage of Named Plaintiffs and putative class members, as of about March 31, 2017.

51.    Defendants failed to remit to USW the union dues and/or fees deducted from employees' paychecks and owed to USW for the months of April 2017, May 2017, and June 2017. The last check that Defendants issued to USW for union dues and/or fees was in an amount of $3,825.00 and was supposed to cover employees' union dues and/or fees from April 2017, but the check was returned by USW's bank for insufficient funds.

## CLASS ALLEGATIONS

52.    Named Plaintiffs seek, on their own behalf and on behalf of the putative class members, unpaid wages owed as a result of Defendants' failure to timely pay the wages due to them, including accrued but unused vacation pay, as required by law, plus

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute. Named Plaintiffs also seek, on their own behalf and on behalf of the putative class members, relief for Defendants' misuse of amounts deducted from their paychecks intended to pay the premiums of their dental insurance coverage and for Defendants' failure to make required employer contributions to such premiums. Named Plaintiffs also seek, on their own behalf and on behalf of the putative class members, relief for Defendants' misuse of amounts deducted from their paychecks intended to pay union dues and/or fees they owed to USW.  Named Plaintiffs also seek relief for Evans Dedicated's failure to provide advance notice of the closure of the California Terminals or notice of their rights for continued health care coverage following the termination of their health care benefits.  Named Plaintiffs also seek injunctive relief in the form of an order prohibiting Defendants from withholding their employees' wages, misusing amounts deducted from employees' paychecks intended to pay the premiums of their dental insurance coverage, failing to make required employer contributions to employees' insurance premiums, misusing amounts deducted from employees' paychecks intended to pay union dues and/or fees owed to USW, failing to provide advance notice of Evans Dedicated's closure, and failing to provide notice of employees' rights to continued health care coverage. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through their unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendants from benefitting from their violations of law and/or acts of unfair competition. Such sums recovered under the Unfair Competition Law are equitable in nature and are not to be considered damages. This action is appropriate for class treatment pursuant to Fed. R. Civ. P. 23.

53.    The proposed class which Named Plaintiffs seek to represent is composed of all current and former employees of Defendant Evans Dedicated Systems, Inc. who worked as drivers at the Evans Dedicated Systems, Inc. terminals in Long Beach,

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

Gardena, Colton, or San Diego, California, between April 1, 2017, and June 23, 2017.

54. The proposed class is estimated to include approximately 96 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

55. There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these employees have been harmed by Defendants': failure to pay wages as required by law; failure to pay all compensation due, including accrued but unused vacation pay, upon the employees' termination from employment; failure to furnish timely and accurate wage statements as required by law; failure to continue employees' dental insurance as required by contract; misuse of the amounts they deducted from employees' pay for dental insurance; misuse of the amounts they deducted from employees' pay for union dues and/or fees; failure to notify employees of employees' rights to continued health insurance coverage; failure to provide advance notice of the closure of the California Terminals; and violation of California's Unfair Competition Law.

56. Common questions of fact and law involved in this action include the following:

a. Whether Defendants failed to compensate Named Plaintiffs and putative class members for work performed between on or about Saturday, June 3, 2017, and on or about Friday, June 23, 2017;

b. Whether Defendants failed to pay Named Plaintiffs and putative class members all wages due, including accrued but unused vacation pay, upon Defendants' closure of the California Terminals on or about June 23, 2017;

c. Whether Named Plaintiffs and putative class members are entitled to waiting time penalties pursuant to California Labor Code § 203;

d. Whether Defendants failed to furnish Named Plaintiffs and putative class

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

members with timely and accurate wage statements for their last two pay periods of work;

e. Whether Defendants unlawfully terminated the dental insurance of Named Plaintiffs and putative class members on or about March 31, 2017;

f. Whether Defendants unlawfully converted the amounts Defendants deducted from the paychecks of Named Plaintiffs and putative class members for dental insurance premiums for other uses;

g. Whether Defendants unlawfully converted the amounts Defendants deducted from the paychecks of Named Plaintiffs and putative class members for union dues and/or fees for other uses;

h. Whether Defendants unlawfully failed to notify Named Plaintiffs and putative class members of their rights to continued health insurance coverage;

i. Whether Defendants unlawfully failed to provide Named Plaintiffs and putative class members with advance notice of the closure of the California Terminals;

j. Whether Named Plaintiffs and putative class members are entitled to up to sixty (60) days' wages and lost benefits pursuant to California Labor Code § 1402(a)(1);

k. What compensatory damages, consequential damages, penalties, injunctive relief, and other equitable relief Named Plaintiffs and putative class members are entitled to receive from Defendant; and

l. Whether Defendant's policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

57. The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims

11

arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and the putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

58.     Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendant Evans Dedicated are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

59.     The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not parties. This action is manageable as a class action because, compared with other methods such as intervention or the consolidation of individual actions, a class action is fairer and more efficient.

60.     Common issues predominate in that all of Plaintiffs' claims arise out of Defendants' failure to pay employees all wages required by California law, Defendants' liability for waiting time penalties under California Labor Code Section 203, Defendants' failure to furnish timely and accurate wage statements, Evans Dedicated' failure to pay dental insurance premiums as required by contract, Defendants' failure to use the dental insurance premiums that Defendants deducted from the pay of Named Plaintiffs and their fellow Evans Dedicated drivers to pay for their dental insurance coverage, Defendants' failure to remit to USW the union dues and/or fees that Defendants deducted from Plaintiffs' pay, Evans Dedicated's failure to notify Plaintiffs of their rights to continued

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

health care coverage following their loss of insurance benefits, and Evans Dedicated's failure to provide advance notice of the closure of its California Terminals. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

61. Finally, Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

## ALLEGATIONS OF INDIVIDUAL PLAINTIFFS

62. Plaintiff Juan Gutierrez worked as a driver at Evans Dedicated's Gardena Terminal prior to its closure. Defendants deducted dental insurance premiums and union dues and/or fees from Plaintiff Gutierrez's paycheck up until the last paycheck he received from Evans Dedicated on or about June 9, 2017. Defendants, excluding Culbertson, provided Plaintiff Gutierrez with no advance notice of Defendants' closure of the Gardena Terminal and Plaintiff Gutierrez's consequent termination of employment, as required by the California Worker Adjustment and Retraining Notification ("WARN") Act (Cal. Labor Code § 1400 *et seq.*). Defendants, excluding Culbertson, failed to provide Plaintiff Gutierrez with any information about continuing his health and dental insurance benefits after those insurance benefits were terminated. Defendants retroactively terminated Plaintiff Gutierrez's dental insurance on or about March 31, 2017, despite deducting dental insurance premiums from Plaintiff Gutierrez's paychecks. Defendants deducted union dues and/or fees from Plaintiff Gutierrez's paychecks but failed to remit to USW the amounts deducted from his paychecks in April 2017, May 2017, and June 2017. Defendants, excluding Culbertson, failed to pay Plaintiff Gutierrez

any compensation for the work he performed between the period of approximately Saturday, June 3, 2017, and Friday, June 23, 2017. Defendants, excluding Culbertson, failed to pay Plaintiff Gutierrez all compensation owed, including accrued but unused vacation pay, upon his termination from employment on or about June 23, 2017, and are required to pay waiting time penalties to Gutierrez under California Labor Code § 203 for that failure. Defendants, excluding Culbertson, failed to provide Plaintiff Gutierrez with timely and accurate wage statements for the last two pay periods of his employment at Evans Dedicated. By engaging in these acts and omissions described in this paragraph, Defendants committed unlawful or unfair business practices under California's Unfair Competition Law.

63. Plaintiff John Christiansen worked as a driver at Evans Dedicated's San Diego Terminal prior to its closure. Defendants deducted dental insurance premiums and union dues and/or fees from Plaintiff Christiansen's paycheck up until the last paycheck he received from Evans Dedicated on or about June 9, 2017. Defendants, excluding Culbertson, provided Plaintiff Christiansen with no advance notice of Defendants' closure of the San Diego Terminal and Plaintiff Christiansen's consequent termination of employment, as required by the California WARN Act (Cal. Labor Code § 1400 *et seq.*). Defendants, excluding Culbertson, failed to provide Plaintiff Christiansen with any information about continuing his health and dental insurance benefits after those insurance benefits were terminated. Defendants retroactively terminated Plaintiff Christiansen's dental insurance on or about March 31, 2017, despite deducting dental insurance premiums from Plaintiff Christiansen's paychecks. Defendants deducted union dues and/or fees from Plaintiff Christiansen's paychecks but failed to remit to USW the amounts deducted from his paychecks in April 2017, May 2017, and June 2017. Defendants, excluding Culbertson, failed to pay Plaintiff Christiansen any compensation for the work he performed between the period of approximately Saturday, June 3, 2017, and Friday, June 23, 2017. Defendants, excluding Culbertson, failed to pay Plaintiff Christiansen all compensation owed, including accrued but unused vacation pay, upon his

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

termination from employment on or about June 23, 2017, and are required to pay waiting time penalties to Christiansen under California Labor Code § 203 for that failure. Defendants, excluding Culbertson, failed to provide Plaintiff Christiansen with timely and accurate wage statements for the last two pay periods of his employment at Evans Dedicated. By engaging in these acts and omissions described in this paragraph, Defendants committed unlawful or unfair business practices under California's Unfair Competition Law.

64.    Plaintiff Robert Coleman worked as a driver at Evans Dedicated's Colton Terminal prior to its closure. Defendants deducted dental insurance premiums and union dues and/or fees from Plaintiff Coleman's paycheck up until the last paycheck he received from Evans Dedicated on or about June 9, 2017. Defendants, excluding Culbertson, provided Plaintiff Coleman with no advance notice of Defendants' closure of the Colton Terminal and Plaintiff Coleman's consequent termination of employment, as required by the California WARN Act (Cal. Labor Code § 1400 *et seq.*). Defendants, excluding Culbertson, failed to provide Plaintiff Coleman with any information about continuing his health and dental insurance benefits after those insurance benefits were terminated. Defendants retroactively terminated Plaintiff Coleman's dental insurance on or about March 31, 2017, despite deducting dental insurance premiums from Plaintiff Coleman's paychecks. Defendants deducted union dues and/or fees from Plaintiff Coleman's paychecks but failed to remit to USW the amounts deducted from his paychecks in April 2017, May 2017, and June 2017. Defendants, excluding Culbertson, failed to pay Plaintiff Coleman any compensation for the work he performed between the period of approximately Saturday, June 3, 2017, and Friday, June 23, 2017. Defendants, excluding Culbertson, failed to pay Plaintiff Coleman all compensation owed, including accrued but unused vacation pay, upon his termination from employment on or about June 23, 2017, and are required to pay waiting time penalties to Coleman under California Labor Code § 203 for that failure. Defendants, excluding Culbertson, failed to provide Plaintiff Coleman with timely and accurate wage statements for the last two pay

periods of his employment at Evans Dedicated. By engaging in these acts and omissions described in this paragraph, Defendants committed unlawful or unfair business practices under California's Unfair Competition Law.

65.    Plaintiff Martin Anderson, Jr. worked as a driver at Evans Dedicated's Long Beach Terminal prior to its closure. Defendants deducted dental insurance premiums and union dues and/or fees from Plaintiff Anderson's paycheck up until the last paycheck he received from Evans Dedicated on or about June 9, 2017. Defendants, excluding Culbertson, provided Plaintiff Anderson with no advance notice of Defendants' closure of the Long Beach Terminal and Plaintiff Anderson's consequent termination of employment, as required by the California WARN Act (Cal. Labor Code § 1400 *et seq.*). Defendants, excluding Culbertson, failed to provide Plaintiff Anderson with any information about continuing his health and dental insurance benefits after those insurance benefits were terminated.    Defendants retroactively terminated Plaintiff Anderson's dental insurance on or about March 31, 2017, despite deducting dental insurance premiums from Plaintiff Anderson's paychecks. Defendants deducted union dues and/or fees from Plaintiff Anderson's paychecks but failed to remit to USW the amounts deducted from his paychecks in April 2017, May 2017, and June 2017. Defendants, excluding Culbertson, failed to pay Plaintiff Anderson any compensation for the work he performed between the period of approximately Saturday, June 3, 2017, and Friday, June 23, 2017.    Defendants, excluding Culbertson, failed to pay Plaintiff Anderson all compensation owed, including accrued but unused vacation pay, upon his termination from employment on or about June 23, 2017, and are required to pay waiting time penalties to Anderson under California Labor Code § 203 for that failure. Defendants, excluding Culbertson, failed to provide Plaintiff Anderson with timely and accurate wage statements for the last two pay periods of his employment at Evans Dedicated.    By engaging in these acts and omissions described in this paragraph, Defendants committed unlawful or unfair business practices under California's Unfair Competition Law.

66.    Plaintiff Fred Warren, Jr. worked as a driver at Evans Dedicated's Colton Terminal prior to its closure. Defendants deducted dental insurance premiums and union dues and/or fees from Plaintiff Warren's paycheck up until the last paycheck he received from Evans Dedicated on or about June 9, 2017. Defendants, excluding Culbertson, provided Plaintiff Warren with no advance notice of Defendants' closure of the Colton Terminal and Plaintiff Warren's consequent termination of employment, as required by the California WARN Act (Cal. Labor Code § 1400 *et seq.*). Defendants, excluding Culbertson, failed to provide Plaintiff Warren with any information about continuing his health and dental insurance benefits after those insurance benefits were terminated. Defendants retroactively terminated Plaintiff Warren's dental insurance on or about March 31, 2017, despite deducting dental insurance premiums from Plaintiff Warren's paychecks. Defendants deducted union dues and/or fees from Plaintiff Warren's paychecks but failed to remit to USW the amounts deducted from his paychecks in April 2017, May 2017, and June 2017.  Defendants, excluding Culbertson, failed to pay Plaintiff Warren any compensation for the work he performed between the period of approximately Saturday, June 3, 2017, and Friday, June 23, 2017.  Defendants, excluding Culbertson, failed to pay Plaintiff Warren all compensation owed, including accrued but unused vacation pay, upon his termination from employment on or about June 23, 2017, and are required to pay waiting time penalties to Warren under California Labor Code § 203 for that failure.  Defendants, excluding Culbertson, failed to provide Plaintiff Warren with timely and accurate wage statements for the last two pay periods of his employment at Evans Dedicated.  By engaging in these acts and omissions described in this paragraph, Defendants committed unlawful or unfair business practices under California's Unfair Competition Law.

67.    Plaintiff Steven Howard worked as a driver at Evans Dedicated's Colton Terminal prior to its closure. Defendants deducted dental insurance premiums and union dues and/or fees from Plaintiff Howard's paycheck up until the last paycheck he received from Evans Dedicated on or about June 9, 2017. Defendants, excluding Culbertson,

provided Plaintiff Howard with no advance notice of Defendants' closure of the Colton Terminal and Plaintiff Howard's consequent termination of employment, as required by the California WARN Act (Cal. Labor Code § 1400 *et seq.*). Defendants, excluding Culbertson, failed to provide Plaintiff Howard with any information about continuing his health and dental insurance benefits after those insurance benefits were terminated. Defendants retroactively terminated Plaintiff Howard's dental insurance on or about March 31, 2017, despite deducting dental insurance premiums from Plaintiff Howard's paychecks. Defendants deducted union dues and/or fees from Plaintiff Howard's paychecks but failed to remit to USW the amounts deducted from his paychecks in April 2017, May 2017, and June 2017.  Defendants, excluding Culbertson, failed to pay Plaintiff Howard any compensation for the work he performed between the period of approximately Saturday, June 3, 2017, and Friday, June 23, 2017.  Defendants, excluding Culbertson, failed to pay Plaintiff Howard all compensation owed, including accrued but unused vacation pay, upon his termination from employment on or about June 23, 2017, and are required to pay waiting time penalties to Howard under California Labor Code § 203 for that failure.  Defendants, excluding Culbertson, failed to provide Plaintiff Howard with timely and accurate wage statements for the last two pay periods of his employment at Evans Dedicated. By engaging in these acts and omissions described in this paragraph, Defendants committed unlawful or unfair business practices under California's Unfair Competition Law.

68.    Plaintiff USW served as the exclusive bargaining representative of the drivers at Evans Dedicated's California Terminals at all relevant times. Pursuant to the collective bargaining agreement between Evans Dedicated and USW, Evans Dedicated was required to remit the union dues and/or fees that Evans Dedicated deducted from these drivers' paychecks.  Defendants failed to remit these drivers' union dues and/or fees from April 2017, May 2017, and June 2017.  Defendants, excluding Culbertson, failed to provide USW with the advance notice required by the California WARN Act (Cal. Labor Code § 1400 *et seq.*) of the closure of the California Terminals and Headquarters. By

engaging in these acts and omissions described in this paragraph, Defendants committed unlawful or unfair business practices under California's Unfair Competition Law.

## FIRST CLAIM FOR RELIEF

FAILURE TO PAY WAGES FOR ALL TIME WORKED

(Cal. Lab. Code §§ 204, 1182, 1194, 1194.2 1197, 558.1,

California IWC Wage Orders MW-2017, 9-2001)

(By All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren, and Howard, and Putative Class Members Against All Defendants Except Culbertson)

69.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 68 above as if repeated here in full.

70.    Evans Dedicated abruptly closed its California Terminals and terminated all drivers at those terminals on or about June 23, 2017, without paying drivers the paychecks that they were owed on or about June 23, 2017, covering the period from approximately Saturday, June 3, 2017, through Friday, June 16, 2017, and without paying drivers for the work they performed between approximately Saturday, June 17, 2017, and Friday, June 23, 2017.

71.    Defendants, excluding Culbertson, have knowingly permitted Named Plaintiffs and putative class members to work without paying for all time worked, either at their agreed-upon regular rates or applicable minimum wage or overtime rates, in violation of California Labor Code Sections 204, 1194, and 1197, and California IWC Wage Orders MW-2017 and 9-2001.

72.    Since each of the Individual Defendants, except Culbertson, are and/or were an "employer or other person acting on behalf of an employer" as defined in Section 558.1 of the California Labor Code at the time of the violation, Individual Defendants and each of them, except Culbertson, are jointly and severally liable, to the same extent as Defendant Evans Dedicated, for Defendants' failure to pay Named Plaintiffs and putative class members wages for all time worked as alleged herein.

73.    Defendants, excluding Culberson, have engaged in the above-described

course of conduct with fraud, oppression and malice, and in conscious disregard of their employees' rights, Defendants' legal obligations, and the predictable consequences to Named Plaintiffs and putative class members of Defendants' acts and omissions. Named Plaintiffs and putative class members therefore are entitled to damages by way of punishment and example against Defendants, excluding Culbertson, in an amount to be determined.

74.     Named Plaintiffs are entitled to an award of liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon pursuant to California Labor Code Section 1194.2.

75.     Named Plaintiffs are entitled to an award of their reasonable attorney's fees and costs, pursuant to, among other authorities, sections 218.5 and 1194 of the California Labor Code.

## SECOND CLAIM FOR RELIEF

### FAILURE TO TIMELY PAY WAGES UPON TERMINATION

(Cal. Lab. Code § 201, 203, 227.3)

(By All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren, and Howard, and Putative Class Members Against All Defendants Except Culbertson)

76.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 75 above as if repeated here in full.

77.     Defendants, excluding Culbertson, have failed to timely pay Named Plaintiffs and all putative class members all earned and unpaid wages, including accrued but unused vacation pay, at the time of their discharges, in violation of Sections 201 and 227.3 of the California Labor Code.

78.     Since each of the Individual Defendants, except Culbertson, are and/or were an "employer or other person acting on behalf of an employer" as defined in Section 558.1 of the California Labor Code at the time of the violation, Individual Defendants and each of them, except Culbertson, are jointly and severally liable, to the same extent as Defendant Evans Dedicated, for Defendants' failure to timely pay Named Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

and putative class members all earned and unpaid wages, including accrued but unused vacation pay, at the time of their discharges, in violation of Section 201 of the California Labor Code, as alleged herein.

79.    The conduct of Defendants, excluding Culbertson, as alleged above, was willful, and the Named Plaintiffs and putative class members are therefore entitled to penalties from Defendants, excluding Culbertson, pursuant to Section 203 of the California Labor Code, which provides that their wages shall continue as a penalty until paid but not for more than 30 days.

80.    The conduct of Defendants, excluding Culbertson, as alleged above, is unlawful under California law, is continuing, is capable of repetition, and will continue unless restrained and enjoined by the Court.    Named Plaintiffs and putative class members have no plain, speedy, and adequate remedy at law to redress this continuing unlawful conduct.

81.    Named Plaintiffs and putative class members are entitled to an award of their reasonable attorney's fees and costs, pursuant to, among other authorities, Section 218.5 of the California Labor Code.

## **THIRD CLAIM FOR RELIEF**

### FAILURE TO FURNISH WAGE STATEMENTS

(Lab. Code § 226; Wage Order 9-2001)

(By All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren, and Howard, and Putative Class Members Against All Defendants Except Culbertson)

82.    Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 81 above, as though fully set forth herein.

83.    Defendants, excluding Culbertson, have knowingly and intentionally failed to furnish Named Plaintiffs and the putative class members with complete and accurate itemized statements, as required by California Labor Code section 226(a), for work performed between approximately Saturday, June 3, 2017, and Friday, June 23, 2017, which encompasses two separate pay periods. Defendants, excluding Culbertson, failed

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

to provide wage statements of any kind for work performed between Saturday, June 3, 2017, and Friday, June 23, 2017.

84.     Since each of the Individual Defendants, except Culbertson, are and/or were an "employer or other person acting on behalf of an employer" as defined in Section 558.1 of the California Labor Code at the time of the violation, Individual Defendants and each of them, except Culbertson, are jointly and severally liable, to the same extent as Defendant Evans Dedicated, for Defendants' failure to furnish Named Plaintiffs and the putative class members with complete and accurate itemized wage statements, as required by California Labor Code section 226(a), for work performed between approximately Saturday, June 3, 2017, and Friday, June 23, 2017, as alleged herein.

85.     As a result of the Defendants' conduct as alleged above, Named Plaintiffs and the putative class members are each entitled under California Labor Code section 226(e) to recover from Defendants, excluding Culbertson, the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants, excluding Culbertson, failed to comply with the statute, up to a maximum of $4,000 per employee.

86.     Named Plaintiffs and putative class members are entitled to an award of their reasonable attorney's fees and costs, pursuant to, among other authorities, Sections 226(e) and 226(h) of the California Labor Code.

## FOURTH CLAIM FOR RELIEF

BREACH OF CONTRACT FOR FAILING TO PAY DENTAL INSURANCE PREMIUMS

(29 U.S.C. § 185)

(By USW Against Evans Dedicated)

87.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 86 above as if repeated here in full.

88.     By failing to make premium payments to the company providing dental insurance to Named Plaintiffs and putative class members, and terminating such dental

insurance benefits prematurely on or about March 31, 2017, Evans Dedicated breached the terms of the 2015-2017 CBA between USW and Evans Dedicated.

89.     By virtue of breaches of the 2015-2017 CBA between USW and Evans Dedicated, Plaintiff USW is entitled to damages in amounts to be proven at trial.

90.     By virtue of breaches of the 2015-2017 CBA between USW and Evans Dedicated, Plaintiff USW is entitled to an award of its reasonable attorney's fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

MISUSE OR MISAPPROPRIATION OF

ASSETS OF EMPLOYEE BENEFIT PLAN

(18 U.S.C. § 664, 29 U.S.C. § 1001 et seq.)

(By All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren, and Howard, and Putative Class Members Against All Defendants)

91.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 90 above as if repeated here in full.

92.     The dental insurance plan that covered Named Plaintiffs and putative class members during their employment by Evans Dedicated (the "Plan") is an employee benefit plan within the meaning of 18 U.S.C. § 664, in that it is subject to many of the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") (29.U.S.C. §§ 1001-1168).

93.     The premium contributions deducted from Named Plaintiffs' and putative class members' paychecks which were due and owing to the Plan are assets of the Plan within the meaning of Subtitle A (29 U.S.C. §§ 1001-1003) and Parts 1 (29 U.S.C. §§ 1021-1031) and 4 (29 U.S.C. §§ 1101-1114) of Subtitle B of Title I of ERISA, and 18 U.S.C. § 664.

94.     Defendants were and are directly responsible for, and caused, Evans Dedicated's failures to pay to the Plan the premium contributions referenced herein, in violation of 18 U.S.C. § 664.

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

95.     Named Plaintiffs and putative class members are entitled to damages for the Individual Defendants' violations of 18 U.S.C. § 664.

## SIXTH CLAIM FOR RELIEF

BREACH OF FIDUCIARY DUTIES IN VIOLATION OF ERISA

(29 U.S.C. § 1109, 29 U.S.C. § 1132(g)(1))

(By All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren, and Howard, and Putative Class Members Against All Defendants)

96.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 95 above as if repeated here in full.

97.     Individual Defendants were fiduciaries with respect to the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that they exercised discretionary authority or control respecting management or disposition of assets of the Plan.

98.     By engaging in the acts and omissions to act described herein, the Individual Defendants breached fiduciary duties with respect to the Plan within the meaning of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

99.     Pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, the Individual Defendants are personally liable to make good to the Named Plaintiffs and putative class members any damages or losses to them resulting from each such breach of the Individual Defendants' fiduciary duties, including consequential damages, in amounts to be proven at trial.

100.    Named Plaintiffs and putative class members request that they be awarded their costs of action and reasonable attorney's fees pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

/ /

/ /

/ /

/ /

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

### SEVENTH CLAIM FOR RELIEF

WRONGFUL DIVERSION OF ASSETS OF EMPLOYEE BENEFIT PLAN

(29 U.S.C. §§ 1103(c)(1), 1109)

(By All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren,
and Howard, and Putative Class Members Against All Defendants)

101. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 100 above as if repeated here in full.

102. By engaging in the acts and omission to act described herein, the Individuals Defendants caused assets of the Plan to insure to the benefit of an employer, Evans Dedicated, and/or the Individual Defendants themselves, and to not be held for the exclusive purpose of providing benefits to participants in the Plan and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1).

103. Pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, the Individual Defendants are personally liable to make good to the Named Plaintiffs and putative class members any damages or losses to them resulting from each such breach of the Individual Defendants' fiduciary duties, including consequential damages, in amounts to be proven at trial.

104. Named Plaintiffs and putative class members request that they be awarded their costs of action and reasonable attorney's fees pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

### EIGHTH CLAIM FOR RELIEF

CONVERSION OF AMOUNTS DEDUCTED FOR UNION DUES AND/OR
FEES

(By All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren,
and Howard, and Putative Class Members Against All Defendants)

105. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 104 above as if repeated here in full.

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

106.   In April 2017, May 2017, and June 2017, Evans Dedicated deducted from the wages of each of the Named Plaintiffs and putative class members amounts required to satisfy the Named Plaintiffs' and putative class members' union dues and/or fees obligations to USW. Evans Dedicated continued to deduct these union dues and/or fees from Named Plaintiffs and putative class members' paychecks up until and including the last paycheck Named Plaintiffs and putative class members received from Evans Dedicated on or about June 9, 2017.

107.   Defendants deducted these amounts from wages that belonged to Named Plaintiffs and putative class members. The amounts that Defendants deducted from Named Plaintiffs' and putative class members' wages did not belong to Evans Dedicated.

108.   The amounts that Defendants deducted from Named Plaintiffs' and putative class members' paychecks for union dues and/or fees in April 2017, May 2017, and June 2017, totals approximately $11,475.

109.   By failing to remit to USW the union dues and/or fees that Defendants deducted from Named Plaintiffs' and putative class members' pay in April 2017, May 2017, and June 2017, Defendants took these amounts from Named Plaintiffs' and putative class members' pay and converted the same to their own use.

110.   Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## NINTH CLAIM FOR RELIEF

BREACH OF CONTRACT FOR FAILING TO REMIT UNION FEES AND/OR

DUES

(29 U.S.C. § 185)

(By USW Against Evans Dedicated)

111.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 110 above as if repeated here in full.

112.   By failing to remit any union dues and/or fees from drivers of Evans Dedicated's California Terminals for April 2017, May 2017, and June 2017, Defendants

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

breached the terms of the 2015-2017 CBA between USW and Evans Dedicated.

113.   By virtue of breaches of the 2015-2017 CBA between USW and Evans Dedicated, Plaintiff USW is entitled to damages in amounts to be proven at trial.

114.   By virtue of breaches of the 2015-2017 CBA between USW and Evans Dedicated, Plaintiff USW is entitled to an award of its reasonable attorneys fees and costs of suit.

## **TENTH CLAIM FOR RELIEF**

FAILURE TO NOTIFY OF RIGHTS TO CONTINUED HEALTH COVERAGE

(29 U.S.C. §§ 1161, 1166, 1132(c)(1))

(By All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren, and Howard, and Putative Class Members Against All Defendants Except Culbertson)

115.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 114 above as if repeated here in full.

116.   Evans Dedicated terminated all of the Named Plaintiffs and putative class members from their employment when Evans Dedicated closed its California Terminals on or about June 23, 2017.

117.   The termination of employment of Named Plaintiffs and putative class members on or about June 23, 2017, constituted a "qualifying event" within the meaning of Section 603 of ERISA, 29 U.S.C. § 1163.

118.   Evans Dedicated failed to notify the administrator of the health and dental insurance plans providing insurance benefits to Named Plaintiffs and putative class members of the qualifying event and/or Evans Dedicated serves as the administrator of these insurance plans.

119.   Named Plaintiffs and putative class members never received any notice of their rights to continued health and dental insurance coverage as required by Section 606(a)(4) of ERISA, 29 U.S.C. § 1166(a)(4).

120.   Based on the facts alleged here, Evans Dedicated is liable, in the Court's discretion, to Named Plaintiffs and putative class members in an amount of up to $100 a

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

day from the date of Evans Dedicated's failure to provide notice as required by Section 606(a)(4) of ERISA, 29 U.S.C. § 1166(a)(4) under Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1).

## ELEVENTH CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA WARN ACT

(Cal. Labor Code § 1400 et seq.)

(By All Plaintiffs and Putative Class Members Against Evans Dedicated)

121.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 120 above as if repeated here in full.

122.   Evans Dedicated employed more than seventy-five (75) persons in the twelve (12) months preceding its closure of its California Terminals and Headquarters.

123.   Evans Dedicated's California Terminals and Headquarters are a "covered establishment" within the meaning of California Labor Code Section 1400(a).

124.   Evans Dedicated was at all relevant times an "employer" within the meaning of Section 1400(b) of the California Labor Code.

125.   USW is an "employee representative" within the meaning of Section 1404 of the California Labor Code.

126.   Evan's Dedicated's closure of the California Terminals and Headquarters resulted in the layoff and/or termination of fifty (50) or more "employees," within the meaning of Section 1400(h) of the California Labor Code, during a 30-day period on or around June 23, 2017.

127.   Evans Dedicated's closure of the California Terminals and Headquarters constituted a "mass layoff" and/or "termination" within the meaning of Section 1400(d) and (f) of the California Labor Code.

128.   Evans Dedicated failed to provide any notice to Named Plaintiffs or putative class members prior to its closure of the California Terminals and Headquarters, let alone the sixty (60) days' notice required by California Labor Code Section 1401(a)(1).

/ /

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

129.   Evans Dedicated failed to provide any notice to the California Employment Development Department prior to its closure of the California Terminals and Headquarters, let alone the sixty (60) days' notice required by California Labor Code Section 1401(a)(2).

130.   The California Employment Development Department has not determined that Evans Dedicated was excused from providing the notice required by California Labor Code Section 1401(a) of the termination occasioned by the closure of the California Terminals and Headquarters for any of the reasons provided in California Labor Code 1402.5.

131.   Evans Dedicated was not privileged for any other reason to forgo the notice requirements for a mass layoff and/or termination required by California Labor Code Section 1401(a).

132.   As a result of Evans Dedicated's failure to provide the notice required by California Labor Code Section 1401(a)(1) prior to closing the California Terminals and Headquarters, each Named Plaintiffs and putative class member is, pursuant to California Labor Code Section 1402(a)(1), entitled, for the period of the employer's violation, up to a maximum of sixty (60) days, or one-half the number of days that the employee was employed by the employer, whichever period is smaller, to back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher, as well as the value of the cost of any benefit to which the employee would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the employee that would have been covered under an employee benefit plan.

133.   Pursuant to California Labor Code Section 1404, any one of the Plaintiffs is entitled to enforce the provisions of the California Worker Adjustment and Retraining Notification ("WARN") Act (Cal. Labor Code § 1400 *et seq.*) on behalf of him- or herself, other persons similarly situated, or both.

134.   USW, Named Plaintiffs, and putative class members are entitled to an award of their reasonable attorney's fees and costs, pursuant to, among other authorities, Section 1404 of the California Labor Code.

## TWELFTH CLAIM FOR RELIEF

### UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Cal. Bus. & Prof. Code § 17200 et seq.)

(By USW and All Named Plaintiffs, Gutierrez, Christiansen, Coleman, Anderson, Warren, and Howard, and the Putative Class Members Against All Defendants)

135.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 134 above, as though fully set forth herein.

136.   This claim is brought by USW, the Named Plaintiffs on behalf of themselves and putative class members, and the general public, pursuant to California Business and Professions Code § 17200 *et seq.*

137.   The California Unfair Competition Law ("UCL"), Business and Professions Code section 17200 *et seq.*, defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an action for relief under the statute.

138.   Plaintiffs are "persons" within the meaning of California Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

139.   California Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

140.    Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the California Labor Code as well as ERISA and LMRA, and have engaged in other unlawful and unfair business practices in violation of California Business and Professions Code § 17200 *et seq.*, depriving USW, Named Plaintiffs, the putative class members, and other interested persons of rights, benefits, and privileges guaranteed to all persons in California.

141.    Beginning on an exact date unknown to Plaintiffs, but since at least the four years preceding the filing of this Complaint and up to the present, Defendants have committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

a.    California Labor Code section 204 (regular payment of wages);

b.    California Labor Code sections 1194, 1197 (payment of minimum wage);

c.    California Labor Code sections 201, 203 (payment of wages upon termination);

d.    California Labor Code section 227.3 (payment of accrued vacation upon termination);

e.    California Labor Code section 226 (failure to furnish accurate wage statements);

f.    29 U.S.C. § 185 (breach of contract);

g.    18 U.S.C. § 664 (failure to pay premium contributions);

h.    29 U.S.C. § 1109 (breach of fiduciary duty);

i.    29 U.S.C. § 1103(c)(1) (wrongful diversion of assets of employee benefit plan);

j.    California law prohibiting conversion;

k.    29 U.S.C. § 1166(a)(4) (failure to provide notice of rights to continuation of health care coverage);

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

l.      California Labor Code section 1400 et seq. (failure to provide notice of closure);

m.      California IWC Wage Order MW-2017 (minimum wage); and

c.      California IWC Wage Order No. 9-2001 (minimum wage, wage statements).

142.   Named Plaintiffs are informed and believe, and thereupon allege, that by engaging in the unfair and unlawful business practices alleged herein, Evans Dedicated was able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers with whom they compete, in violation of the UCL.

143.   Defendants' violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to USW, Named Plaintiffs, and putative class members for purposes of the UCL and the remedies provided therein. As a direct and proximate result of their unfair business practices, Defendants received and continues to hold ill-gotten gains belonging to USW, Named Plaintiffs and the putative class members and Defendants have profited in that amount from their unlawful practices.

144.   California Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices.  USW, Named Plaintiffs, and the putative class members are entitled to restitution pursuant to California Business and Professions Code sections 17203 and 17208 for all wages and other monies, excluding penalties provided under the California Labor Code, unlawfully withheld from them since the four years preceding the filing of this Complaint and up to the present, as well as the dental insurance premiums and union dues and/or fees deducted from the pay of Named Plaintiffs and putative class members.

145.   Named Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees. USW and Named Plaintiffs therefore seek restitution of all lost wages and work benefits, plus interest, disgorgement of all profits that

32

Defendants have enjoyed as a result of their unfair and unlawful business practices, and any other relief to which they and putative class members are entitled under the UCL.

### PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.    For an order certifying the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, and Twelfth Claims for Relief as a class action;

2.    For an order designating Named Plaintiffs as class representatives with respect to the certification of the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, and Twelfth Claims for Relief as a class action;

3.    For an order designating Named Plaintiffs' counsel of record as class counsel with respect to the certification of the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, and Twelfth Claims for Relief as a class action;

4.    For an award of all unpaid wages due to Named Plaintiffs and putative class members for work performed between approximately Saturday, June 3, 2017, and Friday, June 23, 2017;

5.    For an award of all unpaid wages, including accrued but unpaid vacation benefits, due to Named Plaintiffs and putative class members at the time of their discharge;

6.    For an award of liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon pursuant to California Labor Code § 1194.2.

7.    For an award of waiting time penalties pursuant to California Labor Code § 203;

8.    For an award of damages pursuant to California Labor Code § 226(e);

9.    For an award of damages, including consequential damages, for breach of contract;

10.    For an award of damages pursuant to 18 U.S.C. § 664;

CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

11.    For an award of the value of the property converted, as well as interest at the legal rate on the foregoing sum pursuant to California Civil Code § 3336 from and after April 1, 2017;

12.    For an award of damages pursuant to 29 U.S.C. § 1132(c)(1);

13.    For punitive and exemplary damages;

14.    For an award of damages and/or penalties pursuant to California Labor Code § 1402(a)(1);

15.    For an award of statutory and civil penalties pursuant to California Business & Professions Code § 17206;

16.    For an order to pay restitution to Plaintiffs and putative class members as a result of Defendants' unlawful activities, pursuant to California Business and Professions Code § 17203;

17.    For preliminary and permanent injunctive relief enjoining Defendant from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, as well as ERISA and the LMRA, and from engaging in the unlawful business practices complained of herein;

18.    For an award of disgorgement of profits and all other appropriate equitable relief, as authorized by California Business & Professions Code § 17203;

19.    For declaratory relief;

20.    For prejudgment and postjudgment interest on all sums awarded;

21.    For an award of attorney's fees and costs incurred in the filing and prosecution of this action, as provided by California Labor Code §§ 218.5, 226(e), 226(h), and 1194, 1404, California Code of Civil Procedure § 1021.5, 29 U.S.C. § 1132(g)(1), and any other appropriate statutes;

//

//

//

//

CLASS ACTION COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

22.   For costs of suit; and

23.   For such other and further relief as the Court may deem proper and just.

Dated: August 23, 2017

**GILBERT & SACKMAN**
A Law Corporation

By: ___/s/  Ryan Spillers_____
Ryan Spillers
Attorneys for Plaintiffs

35

## <u>DEMAND FOR JURY TRIAL</u>

Named Plaintiffs Juan Gutierrez, John Christiansen, Robert Coleman, Martin Anderson, Jr., Fred Warren, Jr., and Steven Howard, individually and on behalf of all similarly situated current and former employees of Defendant, and Plaintiff USW, hereby request a jury trial on all claims so triable.


Dated: August 23, 2017                              Respectfully submitted,

                                                                **GILBERT & SACKMAN**
                                                                A Law Corporation


                                                                By: ___/s/  Ryan Spillers_____
                                                                      Ryan Spillers
                                                                      Attorneys for Plaintiffs

36